## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| KREMERS URBAN, LLC and SCHWARZ PHARMA MANUFACTURING, INC. | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-642-SLR |
| BRAINTREE LABORATORIES, INC. | ) ) ) | |
| Defendant. | ) ) | |

## BRAINTREE LABORATORIES, INC.'S ANSWER
## TO KREMERS URBAN, LLC AND SCHWARZ PHARMA MANUFACTURING, INC.'S
## COMPLAINT

The defendant, Braintree Laboratories, Inc. ("Braintree"), responds as follows to the

Complaint by plaintiffs Kremers Urban, LLC ("KU") and Schwarz Pharma Manufacturing, Inc.

("SPMI"):

### Parties

1.     Based upon information and belief, Braintree admits the allegations of Paragraph

1.

2.     Based upon information and belief, Braintree admits the allegations of Paragraph

2.

3.     Braintree admits the allegations of Paragraph 3.

### Jurisdiction and Venue

4.     The allegations of Paragraph 4 are legal conclusions to which no response is

required. To the extent that a response is deemed necessary, Braintree admits that plaintiffs

purport to base venue on the specified sections of the United States Code, but denies all other allegations of Paragraph 4.

5.      The allegations of Paragraph 5 are legal conclusions to which no response is required. To the extent that a response is deemed necessary, Braintree admits that plaintiffs purport to base venue on the specified sections of the United States Code and the Delaware Code, but denies all other allegations of Paragraph 5.

## Background

6.      Based upon information and belief, Braintree admits the allegations of Paragraph 6.

7.      Braintree lacks sufficient knowledge or information to form a belief as to the truth of KU and SPMI's allegations that SPMI manufactures GlycoLax™ and KU distributes and sells GlycoLax™ throughout the United States. Braintree denies the remaining allegations of Paragraph 7.

8.      Based upon information and belief, Braintree admits that Schwarz Pharma, Inc. ("SPI") was the sponsor of ANDA 76-652. Braintree lacks sufficient knowledge or information to form a belief as to the truth of plaintiffs' allegation that SPI submitted ANDA 76-652 on January 30, 2003.

9.      Braintree lacks sufficient knowledge or information to form a belief as to the truth of plaintiffs' allegation that SPI mailed the notice of SPI's filing of ANDA 76-652 to Braintree on April 1, 2003. Braintree denies the remaining allegations of Paragraph 9.

10.     Braintree admits the allegations of Paragraph 10.

11.     Braintree admits that it was informed that service of the Complaint occurred September 8, 2003.

12.   Braintree denies the allegations of Paragraph 12.

13.   Braintree denies the allegations of Paragraph 13 except as specifically noted below.

a.  Braintree states that the February 25, 1997 Office Action speaks for itself, and, therefore, no response is required.

b.  Braintree states that the February 25, 1997 Office Action speaks for itself, and, therefore, no response is required.

c.  Braintree states that Claim 33 speaks for itself, and, therefore, no response is required.

d.  Braintree states that the response dated May 27, 1997 speaks for itself, and, therefore, no response is required.

e.  Braintree states that the response dated May 27, 1997 speaks for itself, and, therefore, no response is required.

f.  Braintree states that the Notice of Allowance speaks for itself, and, therefore, no response is required.

g.  Braintree denies the allegations of Paragraph 13(g).

14.   Braintree lacks sufficient knowledge or information to form a belief as to the truth of plaintiffs' allegation that on December 23, 2003, SPI received a tentative approval letter from the FDA for its ANDA for GlycoLax[TM]. Braintree denies the remaining allegations of Paragraph 14.

15.   Braintree admits the allegations of Paragraph 15.

16.   Braintree admits the allegations of Paragraph 16.

17.     Braintree admits the allegations of Paragraph 17.

18.     Braintree Labs lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18.

19.     Braintree lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19.

**Relevant Lines of Commerce**

20.     Braintree lacks sufficient knowledge or information as to the times plaintiffs consider relevant to their claims.  As such, Braintree cannot admit or deny the allegations of Paragraph 20.

21.     Braintree denies the allegations of Paragraph 21.

22.     Braintree admits the allegations of Paragraph 22.

23.     Braintree denies the allegations of Paragraph 23.

24.     Braintree admits that its '183 patent is an issued patent and is presumed valid. Braintree denies the remaining allegations of Paragraph 24.

25.     Braintree denies the allegations of Paragraph 25.

26.     Braintree denies the allegations of Paragraph 26.

27.     Braintree admits that its '183 patent is an issued patent and is presumed valid Braintree denies the remaining allegations of Paragraph 27.

**Count One: Monopolization/Attempted Monopolization in Violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, by Fraud on the United States Patent and Trademark Office**

28.     Braintree repeats and reasserts all responses to Paragraphs 1 through 27 as if they were stated in full herein.

29.     Braintree denies the allegations of Paragraph 29.

30.     Braintree denies the allegations of Paragraph 30.

RLF1-3085132-1

31.     Braintree denies the allegations of Paragraph 31.

32.     Braintree denies the allegations of Paragraph 32.

33.     Braintree denies the allegations of Paragraph 33.

34.     Braintree denies the allegations of Paragraph 34.

35.     The allegations of Paragraph 35 are legal conclusions to which no response is

required. To the extent that a response is deemed necessary, Braintree denies the allegations of

Paragraph 35.

36.     Braintree denies the allegations of Paragraph 36.

37.     Braintree denies the allegations of Paragraph 37.

## Count Two: Monopolization/Attempted Monopolization in Violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, by Sham Litigation

38.     Braintree repeats and reasserts all responses to Paragraphs 1 through 37 as if they

were stated in full herein.

39.     Braintree denies the allegations of Paragraph 39.

40.     Braintree denies the allegations of Paragraph 40.

41.     Braintree denies the allegations of Paragraph 41.

42.     The allegations of Paragraph 42 are legal conclusions to which no response is

required. To the extent that a response is deemed necessary, Braintree denies the allegations of

Paragraph 42.

43.     Braintree denies the allegations of Paragraph 43.

44.     Braintree denies the allegations of Paragraph 44.

## Count Three: Unfair Competition

45.     Braintree repeats and reasserts all responses to Paragraphs 1 through 44 as if they

were stated in full herein.

46.     Braintree denies the allegations of Paragraph 46.

-5-

47.    Braintree denies the allegations of Paragraph 47.

48.    Braintree admits that at the time it filed its lawsuit and served its complaint, it had the exclusive right to practice the inventions claimed in the '183 patent. Braintree denies the remaining allegations of Paragraph 48.

49.    Braintree denies the allegations of Paragraph 49.

50.    Braintree denies the allegations of Paragraph 50.

51.    Braintree denies the allegations of Paragraph 51.

52.    The allegations of Paragraph 52 are legal conclusions to which no response is required. To the extent that a response is deemed necessary, Braintree denies the allegations of Paragraph 52.

53.    The allegations of Paragraph 53 are legal conclusions to which no response is required. To the extent that a response is deemed necessary, Braintree denies the allegations of Paragraph 53.

54.    The allegations of Paragraph 54 are legal conclusions to which no response is required. To the extent that a response is deemed necessary, Braintree denies the allegations of Paragraph 54.

### Count Four: Tortious Interference With Business Advantage/Opportunities

55.    Braintree repeats and reasserts all responses to Paragraphs 1 through 54 as if they were stated in full herein.

56.    Braintree denies the allegations of Paragraph 56.

57.    Braintree denies the allegations of Paragraph 57.

58.    The allegations of Paragraph 58 are legal conclusions to which no response is required. To the extent that a response is deemed necessary, Braintree denies the allegations of Paragraph 58.

RLF1-3085132-1

59.    Braintree denies the allegations of Paragraph 59.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint, in whole or in part, fails to state claims upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, under the doctrine of laches.

### Third Affirmative Defense

Plaintiffs are not entitled to equitable relief because they have not suffered, and will not suffer, any irreparable harm.

### Fourth Affirmative Defense

Plaintiffs fail to allege facts sufficient to allow recovery of punitive damages, treble damages, and/or its attorneys' fees and costs incurred in this action.

Frederick L. Cottrell III (#2555)
cottrell@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19899-0551
(302) 651-7700

Of Counsel:
William F. Lee
David B. Bassett
Michelle D. Miller
Cynthia D. Vreeland
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Dated:  November 21, 2006

*Attorneys for Defendant Braintree Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing(s), and hand delivered a copy to the following:

Phillip A. Rovner, Esq.
Potter, Anderson & Corroon, LLP
Hercules Plaza
1313 N. Market Street
Wilmington, DE 19899

I hereby certify that on November 21, 2006, a true and correct copy of the foregoing document was served by Federal Express on the following non-registered counsel of record:

Brian M. Poissant, Esq.
Jones Day
222 East 41st Street
New York, NY 10017-6702

Alyssa M. Schwartz (#4351)
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE 19899-0551
(302) 651-7700
schwartz@rlf.com